Jeffrey I. Golden, State Bar No. 133040
jgolden@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Richard A. Marshack

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:16-bk-11492-TA |
| ARJL, INC., dba RANCHITO SUPERMARKETS, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRUSTEE TO EXCHANGE SHARES OF STOCK FOR CASH FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b)(1) AND (f); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK AND BETH E. GASCHEN IN SUPPORT** |
| | **DATE:   October 24, 2017**<br>**TIME:    11:00 a.m.**<br>**PLACE: Courtroom 5B**<br>            **411 West Fourth Street**<br>            **Santa Ana, California 92701** |

*Lobel Weiland Golden Friedman LLP*
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE:**

Richard A. Marshack, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of ARJL, Inc. (the "Debtor"), hereby moves the Court for an order granting the *Motion for Order Authorizing the Trustee to Exchange Shares of Stock for Cash Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(b)(1) and (f)* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the Declarations of Richard A. Marshack (the "Marshack Declaration") and Beth E. Gaschen (the "Gaschen Declaration") and such other and further evidence as may be presented at or by the time of the hearing, and respectfully represents as follows:

**I.   INTRODUCTION**

By this Motion, the Trustee is seeking authorization to exchange the Debtor's shares of stock in Unified Grocers, Inc. ("UG") to cash.  In order to do so, the Trustee will need to execute the Letters of Transmittal (defined below) and return them to Wells Fargo in exchange for approximately $114,750.66 in cash.  The Trustee was originally restricted in his liquidation of the Shares (defined below) as UG was prevented from completing any share transactions.  Subsequently, UG merged with another entity, SUPERVALU INC. ("SuperValu"), and pursuant to that transaction the shares of UG were converted into the right to receive cash.  Exchanging the shares is the only means by which the Trustee can liquidate this asset and receive value for creditors.  It is a valid exercise of the Trustee's business judgment and the Trustee is receiving significantly more through the exchange than the Debtor valued the Shares at.  As such, the Trustee respectfully requests that the Court grant the Motion.

**II.   FACTUAL BACKGROUND**

The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on April 7, 2016, and on April 18, 2016, Richard A. Marshack was appointed the chapter 7 trustee.  Among the assets listed on the Debtor's bankruptcy schedules are shares of

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 | stock with UG.  The Trustee has been unable to sell the Shares due to certain restrictions

2 | on UG that prevented UG from completing any share transactions.  In accordance with an

3 | Equity Position Statement dated as of June 21, 2016 (the "Equity Position Statement"),

4 | UG shows that the Debtor owns 350 class A shares, 208 Class B Shares, and 30 Class E

5 | shares (collectively, the "Shares").  *See* Equity Position Statement attached to the

6 | Marshack Declaration as Exhibit "1."

7 | On June 23, 2017, SuperValu completed an acquisition of UG, pursuant to the

8 | terms of an agreement and plan of merger dated April 10, 2017 (the "Merger Agreement"),

9 | by and among SuperValu, West Acquisition Corporation, a wholly owned subsidiary of

10 | SuperValu ("WAC"), and UG.  Pursuant to the Merger Agreement, SuperValu acquired

11 | UG in a transaction valued at $390 million, comprised of $114 million in cash for 100% of

12 | the outstanding stock of UG plus the assumption and payoff of UG's net debt of $276

13 | million at closing.  At the closing of the transaction, WAC merged with and into UG.  As a

14 | result of the transaction, UG became a wholly owned subsidiary of SuperValu and the

15 | shares of UG were converted into the right to receive from SuperValu $114 million in cash

16 | in the aggregate.[1]

17 | The Trustee has received Letters of Transmittal for the exchange of the Shares for

18 | cash (the "Letters of Transmittal").  *See* Gaschen Declaration at Exhibits "2," "3," and "4,"

19 | respectively.  Pursuant to the Letters of Transmittal, in connection with the merger, the

20 | registered holders of Class A, Class B, and Class E shares shall surrender its book-entry

21 | shares in exchange for cash (the "Stock Exchange"), without interest, per share, without

22 | par value in the amount of $200.27 for Class A; $200.27 for Class B; and $100.00 for

23 | Class E.  The Trustee anticipates that the cash value of the Shares is as follows:

24 |     • Class A:  350 shares in exchange for $200.27 in cash for a total amount of

25 |        $70,094.50;

26 |

27 | [1] The description of the Merger Agreement does not purport to be complete, and is qualified in its

28 | entirety by reference to the full text of the Merger Agreement, which was filed as Exhibit 2.1 to the Form 8-K filed by SuperValu with the Securities and Exchange commission on April 11, 2017.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1134060.1    3    MOTION

- Class B:  208 shares in exchange for $200.27 in cash for a total amount of $41,656.16; and

- Class E:  100 shares in exchange for $100.00 in cash for a total amount of $3,000.00.

The Stock Exchange is being administered by Wells Fargo Shareowners Services ("Wells Fargo").  In order to have the check paid to someone other than the registered shareholder, which in this case is the Debtor, the Trustee is required to complete Box B of the Letters of Transmittal, along with a Medallion Signature Guarantee, and return the Letters of Transmittal Wells Fargo.

## III.    LIENS

There are no secured claims listed in the Debtor's Schedules.  *See* Gaschen Declaration.  However, a search of public records revealed a Financing Statement held by UG (the "UCC-1"):

| Date | Secured Party | State | Filing No. |
|------|---------------|-------|------------|
| 11/14/2012 | Unified Grocers, Inc. | CA | 12-7336860915 |

According to communications between counsel for the Trustee and UG, the UCC-1 is pursuant to the terms of an *Application and Agreement for Service Affiliation as Member-Patron/Affiliate with Unified Western Grocers, Inc. and Pledge and Security Agreement* (the "Security Agreement") between the Debtor and UG wherein the Debtor provided UG a perfected security interest in its Class A and Class B shares, of which UG has a secured balance totaling $17,318.25.  *See* Gaschen Declaration.  The amount of cash to the estate from the Stock Exchange exceeds the amount of the purported secured UG lien, therefore, the Trustee agrees that the secured portion of the UCC-1 shall attached to the net proceeds in the same priority, validity and scope as such lien currently exists against the Shares.  *See* Security Agreement and UCC-1 attached to the Gaschen Declaration as Exhibit "5," and "6," respectively.  *See* Unified Grocers, Inc., Statement of

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Account for ARJL, Inc., dated August 21, 2017 attached to the Gaschen Declaration as

2  Exhibit "7."

3  **IV.**   **LEGAL ANALYSIS**

4      **A.**   **The Trustee Should Be Authorized to Execute the Letters of Exchange**

5          **and Exchange the Shares for Cash Pursuant to 11 U.S.C. § 363(b)**

6          Section 363(b) of the Bankruptcy Code empowers a trustee to "use, sell or lease. . .

7  other than in the ordinary course of business, property of the estate."  In considering a

8  proposed transaction to use, sell, or lease, courts look at whether the transaction is in the

9  best interests of the estate based on the facts and history of the case.  *In re America West*

10  *Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In re Lionel Corp.*, 722 F.2d

11  1063, 1071 (2d Cir. 1983)).  This requires examination of the "business justification" for

12  the proposed transaction.  *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th

13  Cir. 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991); *In re*

14  *Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997).

15          In approving any sale outside the ordinary course of business,
          the court must not only articulate a sufficient business reason
16          for the sale, it must further find it is in the best interest of the
          estate, i.e., it is fair and reasonable, that it has been given
17          adequate marketing, that it has been negotiated and proposed
          in good faith, that the purchaser is proceeding in good faith and
18          that it is an 'arms-length' transaction.

19  *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re 240*

20  *North Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th Cir. 1996).  A bankruptcy court's

21  power to authorize a sale under § 363(b) is reviewed for abuse of discretion.  *In re Walter*,

22  83 B.R. 14, 19 (9th Cir. B.A.P. 1988)

23          The paramount goal in any proposed sale of property of the estate is to maximize

24  the proceeds received by the estate.  *See e.g., In re Food Barn Stores, Inc.*, 107 F.3d

25  558, 564-65 (8th Cir. 2010) (in bankruptcy sales, "a primary objective of the Code [is] to

26  enhance the value of the estate at hand"); *In re Integrated Resources, Inc.*, 147 B.R. 650,

27  659 (Bankr. S.D.N.Y. 1992) ("It is a well-established principle of bankruptcy law that the . .

28  . [trustee's] duty with respect to such sales is to obtain the highest price or greatest overall

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   benefit possible for the estate.") (quoting *Cello Bag Co. Inc. v. Champion Int'l Corp (In re*

2   *Atlanta Packaging Prods., Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)); *995 Fifth Ave.,*

3   *Assocs.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989).  As long as the sale appears to enhance

4   a debtor's estate, court approval of a trustee's decision to sell should only be withheld if

5   the trustee's judgment is clearly erroneous, too speculative, or contrary to the provisions

6   of the Bankruptcy Code.  *In re Lajijani*, 325 B.R. 282, 289 (9th Cir. B.A.P. 2005); *GBL*

7   *Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 255 (N.D. Tex. 2005); *In re*

8   *WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The Trustee has ample discretion to

9   administer the estate, including authority to conduct public or private sales of estate

10  property.  Courts have much discretion on whether to approve proposed sales, but the

11  trustee's business judgment is subject to great judicial deference.")

12          While the Stock Exchange is not a sale of the Shares, it should be analyzed under

13  the same standards.  The proposed transaction has a legitimate business justification, it is

14  fair and reasonable, and it is the best interests of the Estate and creditors.  The Stock

15  Exchange represents the Trustee's only means by which to monetize the Shares.  The

16  Trustee was previously restricted in selling the Shares by the trade restriction imposed on

17  UG and now with the purchase of UG by SuperValu the only option available is to

18  surrender the shares for cash.  The value that is being received by the Estate is fair and

19  reasonable.  The Debtor valued the shares at $19,460 (*see* Docket No. 15), but through

20  the Stock Exchange the Trustee will receive approximately $114,750.66 in cash.  By

21  completing the transaction, the Trustee will also be liquidating the Debtor's only other

22  asset of value and can move expeditiously towards closing the case and making

23  distributions to creditors.  Thus, the Stock Exchange in is the best interest of the Estate

24  and creditors.  The Stock Exchange represents an arms-length transaction as the Trustee

25  has no prior relationship with either UG or SuperValu and it is being proposed in good

26  faith.

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1134060.1                                   6                                   MOTION

**B.   The Stock Exchange Should be Free and Clear of Liens, Claims, and Interests**

The Trustee seeks authority to exchange the Shares free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363(f) which provides:

> The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1)   applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)   such entity consents;
>
> (3)   such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)   such interest is in bona fide dispute; or
>
> (5)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Because subsections (1) through (5) of Bankruptcy Code section 363(f) are written in the disjunctive, authority to sell the Property free and clear of any and all interests should be granted if, with respect to the lienholder, any of the conditions are met.  Here, the cash value of the Shares exceeds the amount of the secured portion of UG thereby satisfying 11 U.S.C. § 363(f)(3).  Any security interest of UG shall attach to the proceeds received by the Trustee from the Stock Exchange in the same priority, validity and scope as such lien currently exists against the Shares, with the Trustee reserving all rights to object to the validity, scope, and priority of the secured portion of the lien.  *See* Marshack Declaration.

**C.   Tax Consequences**

To the extent there is any tax liability to the Estate from the Stock Exchange, the Trustee is authorized to pay such taxes from the Estate's portion of the net proceeds. *See* Marshack Declaration.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1134060.1

MOTION

**D.   Adequate Notice of the Stock Exchange**

The Trustee proposes to provide notice of the Stock Exchange by serving notice of this Motion on the Office of the United States Trustee, all creditors, the IRS, and all other parties who have requested special notice in this case.  Notice will be in a manner consistent with Federal Rule of Bankruptcy Procedure 2002.

**V.   CONCLUSION**

Based on the foregoing, the Trustee respectfully requests that this Court enter an order:

1.   Authorizing the Trustee to execute the Letters of Transmittal attached as Exhibits "2," "3," and "4";

2.   Attaching the secured portion of the proceeds from the Stock Exchange in the same value, priority and scope as such lien currently exists against the Shares, subject to any and all of the Trustee's rights to object to, dispute, or subordinate such lien;

3.   Authorizing the Trustee to take any and all necessary action to consummate the Stock Exchange; and

4.   For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  October 3, 2017               LOBEL WEILAND GOLDEN FRIEDMAN LLP


By:  /s/ Beth E. Gaschen
     BETH E. GASCHEN
     Attorneys for Chapter 7 Trustee
     Richard A. Marshack

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## DECLARATION OF RICHARD A. MARSHACK

I, Richard A. Marshack, declare as follows:

1.      I am the chapter 7 trustee for the bankruptcy estate of ARJL, Inc. (the "Debtor").  Except as to statements based on information and belief, I know each of the following facts to be true of my own personal knowledge, and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Chapter 7 Trustee's Motion for Order Authorizing the Trustee to Exchange Shares of Stock for Cash Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. §§ 363(b)(1) and (f)* (the "Motion").  All terms not defined herein shall have the meanings provided in the Motion.

2.      According to the Bankruptcy Court's docket, on April 7, 2016, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code.  On April 18, 2016, I was appointed the chapter 7 trustee.

3.      Among the assets listed on the Debtor's bankruptcy schedules are shares of stock with UG.  Pursuant to the Equity Position Statement, UG shows that the Debtor owns 350 class A shares, 208 Class B Shares, and 30 Class E shares (collectively, the "Shares").  Attached hereto as Exhibit "1" and incorporated herein by reference is a true and correct copy of the Equity Position Statement.

4.      I have been unable to sell the Shares due to certain restrictions on UG that prevented UG from completing any share transactions.

5.      I anticipate that the cash value of the Shares is as follows:  Class A:  350 shares in exchange for $200.27 in cash for a total amount of $70,094.50; Class B:  208 shares in exchange for $200.27 in cash for a total amount of $41,656.16; and Class E: 100 shares in exchange for $100.00 in cash for a total amount of $3,000.00.

6.      The Stock Exchange is being administered by Wells Fargo.  In order to have the check paid to someone other than the registered shareholder, which in this case is the

1  Debtor, I am required to complete Box B of the Letters of Transmittal, along with a

2  Medallion Signature Guarantee, and return the Letters of Transmittal Wells Fargo.

3       7.      The lien held by UG shall attach to the proceeds of the Stock Exchange in

4  the same priority, validity, and scope as such liens currently exist against the Shares and I

5  reserve my right to dispute the lien held by UG.

6       8.      To the extent there is any tax liability to the Estate from the Stock Exchange,

7  I will pay such taxes from the net proceeds of the Stock Exchange.

8       9.      I believe the Stock Exchange has a legitimate business justification, is fair

9  and reasonable, is in the best interests of the Estate and creditors, and is proposed in

10 good faith.  I will obtain approximately $114,750.66 for the Shares compared to the

11 $19,460 scheduled by the Debtor.  The Stock Exchange is an arms-length transaction and

12 I have no prior relationship with UG or SuperValu.

13      I declare under penalty of perjury that the foregoing is true and correct.

14      Executed on this ___2___ day of October, 2017, at Irvine, California.

15

16      _____

17                          Richard A. Marshack

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## DECLARATION OF BETH E. GASCHEN

I, Beth E. Gaschen, declare as follows:

1.     I am a partner of Lobel Weiland Golden Friedman, LLP, counsel for Richard A. Marshack, the chapter 7 trustee for the bankruptcy estate of ARJL, Inc. (the "Debtor"). Except as to statements based on information and belief, I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Chapter 7 Trustee's Motion for Order Authorizing the Trustee to Exchange Shares of Stock for Cash Free and Clear Pursuant to 11 U.S.C. §§ 363(b)(1)* (the "Motion").  All terms not defined herein shall have the meanings provided in the Motion.

2.     When UG normalized its reporting activities, I received Letters of Transmittal for the exchange of the Shares for cash (the "Letters of Transmittal").  Attached hereto as Exhibits "2," "3," and "4" respectively, and incorporated herein by reference are true and correct copies of the Letters of Transmittal.

3.     Pursuant to the Letters of Transmittal, in connection with the merger of UG, effective June 23, 2017, the registered holders of Class A, Class B and Class E shares shall surrender its book-entry shares in exchange for cash (the "Stock Exchange"), without interest, per share, without par value in the amount of $200.27 for Class A; $200.27 for Class B; and $100.00 for Class E.

4.     There are no secured claims listed in the Debtor's Schedules.  My office conducted a search of public records which revealed the following tax lien:

| Date | Secured Party | State | Filing No. |
|------|---------------|-------|------------|
| 11/14/2012 | Unified Grocers, Inc. | CA | 12-7336860915 |

5.     According to communications between my office and UG, the UCC-1 is pursuant to the terms of the Security Agreement between the Debtor and UG wherein the

1  Debtor provided UG a perfected security interest in Class A and Class B shares, of which

2  UG has a secured balance totaling $17,318.25.  True and correct copies of the Security

3  Agreement and the UCC-1 are attached hereto as Exhibits "5" and "6," respectively.  A

4  true and correct copy of the Statement of Account for the Debtor is attached hereto as

5  Exhibit "7."

6           I declare under penalty of perjury that the foregoing is true and correct.

7           Executed on this 3rd day of October, 2017, at Costa Mesa, California.

8

9                                               /s/ Beth E. Gaschen
                                                Beth E. Gaschen
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

EXHIBIT "1"



## Equity Position Statement

### ARJL, INC.

**Unified Grocers, Inc.**

5200 Sheila Street
Commerce, Ca 90040

As Of Jun. 21, 2016

**Discontinued**

For further information, call the
Treasury Department at
(323) 881-4027
Fax No: (323) 729-6655

---

H01082                                                                 Federal ID : 20-1508861
ARJL, INC.
5952 WESTMINSTER BLVD.
WESTMINSTER, CA. 92683

The Equity Position Statement ("EPS") is designed to provide you with the total of your various investments in Unified Grocers, Inc. ("Unified") as of the date requested.  The EPS should be used in conjunction with your annual Written Notice of Allocation ("WNA") for a complete record of your total ownership position in Unified.

The WNA lists all the certificates, shares and purchase price for each class of stock owned by your account.  The WNA also identifies which shares of stock were purchased with a qualified or a non-qualified patronage dividend.

Your Required Class-B Investment amount is calculated twice a year, at the end of March and September. The calculation is based on the previous 52 weeks of purchases from Unified.

If you feel there has been an error in your EPS information, please do not hesitate to call the Treasury Department at the number listed above.  As a cooperative, we feel it is important to provide you with the amounts of your continuing ownership in Unified.

You may also refer to Unified Grocers, Inc. most current Form 10-K Annual Report for information.  The most current Form 10-K is available at www.unifiedgrocers.com under Learn About Us/Financial Information.

| Description | Number of Shares | Purchase Value |
|---|---|---|
| Class A Shares : | 350 | $62,294.00 |
| Deposit Account (Class B Investment) | | |
| Class B Shares : | 208 | $39,103.98 |
| Cash : | | $0.00 |
| Deposit Account Total : | | $39,103.98 |
| Class E Shares : | 30 | $3,000.00 |

Recent per share value - A & B stock
| | | |
|---|---|---|
| Sep. 28, 2014 - Oct. 03, 2015 | $0.00 | |
| Sep. 29, 2013 - Sep. 27, 2014 | $279.50 | |
| Sep. 30, 2012 - Sep. 28, 2013 | $316.11 | |
| Oct. 02, 2011 - Sep. 29, 2012 | $312.31 | |
| Oct. 03, 2010 - Oct. 01, 2011 | $304.48 | |

---



### Equity Position Statement
**ARJL, INC.**

Unified Grocers, Inc.

5200 Sheila Street
Commerce, Ca 90040

As Of Jun. 21, 2016

**Discontinued**

For further information, call the
Treasury Department at
(323) 881-4027
Fax No: (323) 729-6655

\*\*\* End Of Report \*\*\*

Printed : 06/22/2016

EXHIBIT "2"

## LETTER OF TRANSMITTAL

Exchange of Class A Shares of Unified Grocers, Inc.

for Cash

In connection with the merger of Unified Grocers, Inc., a California corporation, and West Acquisition Corporation, a California corporation and wholly-owned subsidiary of SUPERVALU INC., a Delaware corporation, effective June 23, 2017, the undersigned, as a registered holder of Class A Shares, hereby surrenders its book-entry Class A Shares in exchange for $200.27 in cash, without interest, per share of Class A Shares, without par value (the "Class A Shares"), of Unified Grocers, Inc.

**You must complete Box A. If Class A Shares are owned jointly by more than one person or entity, each person or entity must complete Box A. Please also read the "General Instructions" on page 2.**

| FOR OFFICE USE ONLY   Approved _____ |
|---|

| BOX A – Signature of Registered Shareholder(s) |
|---|
| **(Must be signed by all registered shareholders; include legal capacity if signing on behalf of a shareholder or entity)** |
| Signature (and title if signing on behalf of a shareholder or entity) |
| Signature (and title if signing on behalf of a shareholder or entity) |
| Telephone Number |

| BOX B – New Registration Instructions | BOX C – One-Time Delivery Instructions |
|---|---|
| To be completed *ONLY* if the check is to be issued in the name(s) of someone other than the registered shareholder(s) in Box D. See also Box E. ISSUE TO: | To be completed *ONLY* if the check is to be delivered to an address other than that listed in Box D. MAIL TO: |
| | |
| Name | Name |
| Street Address | Street Address |
| City, State and Zip Code | City, State and Zip Code |

| BOX D – Name and Address of Registered Shareholder(s) | BOX E – Medallion Guarantee |
|---|---|
| **Please make any address corrections below** | If you have completed Box B, your signature must be *Medallion Guaranteed* by an eligible financial institution. |
| ☐ indicates permanent address change | |

Supervalu Inc.
SVVA        LT

ARJL INC
BETH GASCHEN C/O LOBEL WEILAND GOLDEN L
650 TOWN CENTER DR STE 950
COSTA MESA CA 92626

**Note: A notarization by a notary public is not acceptable**

4004072466

# General Instructions

- **BOX A-Signatures**: The registered shareholder must sign as indicated in Box A. If the Class A Shares are jointly owned by more than one person or entity, each person or entity must sign as indicated in Box A. If you are signing on behalf of a registered shareholder or entity your signature must include your legal capacity.
  **YOUR GUARANTOR (BANK/BROKER) WILL REQUIRE PROOF OF YOUR AUTHORITY TO ACT. CONSULT YOUR GUARANTOR FOR THEIR SPECIFIC REQUIREMENTS. YOU OR YOUR GUARANTOR MAY ACCESS THE SECURITIES TRANSFER ASSOCIATION (STA) RECOMMENDED REQUIREMENTS ON-LINE AT www.stai.org.**

- **BOX B-New Registration**: If you want the check to be paid to someone other than the registered shareholder(s) identified in Box D, provide the new registration instructions (name and address) in Box B. The signature in Box A must be that of the new registration indicated in this Box B. All changes in registration require a Medallion Signature Guarantee. Joint registrations must include the form of tenancy. Custodial registrations must include the name of the custodian (only one). Trust account registrations must include the names of all current acting trustees and the date of the trust agreement. If this transaction results in proceeds at or above $14,000,000.00 in value, please contact Wells Fargo Shareowner Services at the number listed below.

  Tax implications apply to the registered shareholder (i.e., person identified in Box D) at the time of transfers unless Gift or Inheritance rules apply. For tax-related information or questions, contact your tax advisor.

- **BOX C-One-Time Delivery**: If you want the check mailed to an address other than what is stated in Box D, provide the address in Box C. This address will be treated as a one-time only mailing instruction.

- **BOX D-Current Name and Address of Registered Shareholder:** If your permanent address should be changed on Wells Fargo Shareowner Services records, please make the necessary changes in Box D.

  Tax implications apply to the registered shareholder (i.e., person identified of Box D) at the time of the transfer unless Gift or Inheritance rules apply. For tax-related information or questions, contact your tax advisor.

- **BOX E-Signature Guarantee**: Box E only needs to be completed if the name on the check will be different from the current registration shown in Box D. To make this change, see Box B above. This guarantee is a form of signature verification which can be obtained through an eligible financial institution such as a commercial bank, trust company, securities broker/dealer, credit union or savings institution participating in a Medallion program approved by the Securities Transfer Association.

- **Deficient Presentments:** If you request a registration change that is not in proper form, the required documentation will be requested.

- **Returning Letter of Transmittal:** Return this Letter of Transmittal _only_ to Wells Fargo Shareowner Services at the address below. The method of delivery is at your option and your risk, but it is recommended that documents be delivered via a registered method and that you insure the package for an appropriate value.

  *By Mail to:*
  Wells Fargo Shareowner Services
  Corporate Actions Department
  P.O. Box 64858
  St. Paul, MN 55164–0858

  *By Overnight Courier or Hand Delivery to:*
  Wells Fargo Shareowner Services
  Corporate Actions Department
  1110 Centre Pointe Curve, Suite 101
  Mendota Heights, MN 55120

## For additional information please contact our Shareowner Relations Department at 1-800-468-9716.

US.112829262.07

## GUIDELINES FOR CERTIFICATION OF TAXPAYER INDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9

**Guidelines for Determining the Proper Identification Number to Give the Payer** —Social Security Numbers have nine digits separated by two hyphens: i.e., 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. Identity identification numbers have nine digits separated by only one hyphen, i.e. 00-0000000. The table below will help determine the number to give the payer.

| For this type of account: | Give the Name and SOCIAL SECURITY number of-- | For this type of account: | Give the IDENTITY IDENTIFICATION number of-- |
|---|---|---|---|
| 1. An Individual's account | The individual | 8. Sole proprietorship | The owner |
| 2. Two or more individuals (joint account) | Either of the individuals (please identify which) | 9. A valid trust, estate, or pension trust | The legal entity's TIN (not an individual SSN) |
| 3. Husband and wife (joint account) | Either of the individuals (please identify which) | 10. Corporate or LLC account | The corporation or LLC EIN |
| 4. Custodian account of a minor | The minor (circle the minor's name) | 11. Religious, charitable, or educational account | The EIN of the organization/identity |
| 5. Adult and minor (joint account) | Either of the individuals (please identify which) | 12. Partnership in the name of the business | EIN of partnership or SSN of partner |
| 6. Account in the name of guardian | Either of the individuals (please identify which) | 13. Broker or registered nominee | The broker or nominee EIN |
| 7. Trust account that is not valid | The grantor-trustee or actual owner | 14. Government agency or tax-exempt entity | The public/private entity's EIN |

**Obtaining a Number:**
If you don't have a taxpayer identification number or you don't know your number, please contact the Social Security Administration or Internal Revenue Service @ 800-829-1040 or IRS website www.irs.gov.

**Penalties:**
**Failure to Furnish TIN:** If you fail to furnish your correct TIN to a requestor, you are subject to a penalty of $50 for each such failure, unless your failure is due to reasonable cause and not to willful neglect.

**Civil Penalty for False Information With Respect to Withholding** —If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal Penalty for Falsifying Information** —Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs** —If the requestor discloses or uses TINs in violation of Federal law, the requestor may be subject to civil and criminal penalties.

## FOR ADDITIONAL INFORMATION CONTACT YOUR TAX CONSULTANT OR THE INTERNAL REVENUE SERVICE @ www.irs.gov or 800-829-1040



Item ID: WFSS9024
EXHIBIT 9 - W-9 Guidelines
Page 1 (8.5" x 11")

EXHIBIT "3"

# LETTER OF TRANSMITTAL

Exchange of Class B Shares of Unified Grocers, Inc.

for Cash

In connection with the merger of Unified Grocers, Inc., a California corporation, and West Acquisition Corporation, a California corporation and wholly-owned subsidiary of SUPERVALU INC., a Delaware corporation, effective June 23, 2017, the undersigned, as a registered holder of Class B Shares, hereby surrenders its book-entry Class B Shares in exchange for $200.27 in cash, without interest, per share of Class B Shares, without par value (the "Class B Shares"), of Unified Grocers, Inc.

**You must complete Box A. If Class B Shares are owned jointly by more than one person or entity, each person or entity must complete Box A. Please also read the "General Instructions" on page 2.**

FOR OFFICE USE ONLY  Approved _____

| BOX A – Signature of Registered Shareholder(s) |
| --- |
| **(Must be signed by all registered shareholders; include legal capacity if signing on behalf of a shareholder or entity)** |
| Signature (and title if signing on behalf of a shareholder or entity) |
| Signature (and title if signing on behalf of a shareholder or entity) |
| Telephone Number |

| BOX B – New Registration Instructions | BOX C – One-Time Delivery Instructions |
| --- | --- |
| To be completed *ONLY* if the check is to be issued in the name(s) of someone other than the registered shareholder(s) in Box D. See also Box E. ISSUE TO: | To be completed *ONLY* if the check is to be delivered to an address other than that listed in Box D. MAIL TO: |
| | |
| Name | Name |
| Street Address | Street Address |
| City, State and Zip Code | City, State and Zip Code |

| BOX D – Name and Address of Registered Shareholder(s) | BOX E – Medallion Guarantee |
| --- | --- |
| **Please make any address corrections below** | If you have completed Box B, your signature must be *Medallion Guaranteed* by an eligible financial institution. |
| ☐ indicates permanent address change | |

Supervalu Inc.
SVVB        LT

ARJL INC
BETH GASCHEN C/O LOBEL WEILAND GOLDEN L
650 TOWN CENTER DR STE 950
COSTA MESA CA 92626

Note: A notarization by a notary public is not acceptable

4004072852



# General Instructions

- **BOX A-Signatures:** The registered shareholder must sign as indicated in Box A. If the Class B Shares are jointly owned by more than one person or entity, each person or entity must sign as indicated in Box A. If you are signing on behalf of a registered shareholder or entity your signature must include your legal capacity.

    **YOUR GUARANTOR (BANK/BROKER) WILL REQUIRE PROOF OF YOUR AUTHORITY TO ACT. CONSULT YOUR GUARANTOR FOR THEIR SPECIFIC REQUIREMENTS. YOU OR YOUR GUARANTOR MAY ACCESS THE SECURITIES TRANSFER ASSOCIATION (STA) RECOMMENDED REQUIREMENTS ON-LINE AT <u>www.stai.org</u>.**

- **BOX B-New Registration:** If you want the check to be paid to someone other than the registered shareholder(s) identified in Box D, provide the new registration instructions (name and address) in Box B. The signature in Box A must be that of the new registration indicated in this Box B. All changes in registration require a Medallion Signature Guarantee. Joint registrations must include the form of tenancy. Custodial registrations must include the name of the custodian (only one). Trust account registrations must include the names of all current acting trustees and the date of the trust agreement. If this transaction results in proceeds at or above $14,000,000.00 in value, please contact Wells Fargo Shareowner Services at the number listed below.

    Tax implications apply to the registered shareholder (i.e., person identified in Box D) at the time of transfers unless Gift or Inheritance rules apply. For tax-related information or questions, contact your tax advisor.

- **BOX C-One-Time Delivery:** If you want the check mailed to an address other than what is stated in Box D, provide the address in Box C. This address will be treated as a one-time only mailing instruction.

- **BOX D-Current Name and Address of Registered Shareholder:** If your permanent address should be changed on Wells Fargo Shareowner Services records, please make the necessary changes in Box D.

    Tax implications apply to the registered shareholder (i.e., person identified of Box D) at the time of the transfer unless Gift or Inheritance rules apply. For tax-related information or questions, contact your tax advisor.

- **BOX E-Signature Guarantee:** Box E only needs to be completed if the name on the check will be different from the current registration shown in Box D. To make this change, see Box B above. This guarantee is a form of signature verification which can be obtained through an eligible financial institution such as a commercial bank, trust company, securities broker/dealer, credit union or savings institution participating in a Medallion program approved by the Securities Transfer Association.

- **Deficient Presentments:** If you request a registration change that is not in proper form, the required documentation will be requested.

- **Returning Letter of Transmittal:** Return this Letter of Transmittal _only_ to Wells Fargo Shareowner Services at the address below. The method of delivery is at your option and your risk, but it is recommended that documents be delivered via a registered method and that you insure the package for an appropriate value.

    | *By Mail to:* | *By Overnight Courier or Hand Delivery to:* |
    |---|---|
    | Wells Fargo Shareowner Services | Wells Fargo Shareowner Services |
    | Corporate Actions Department | Corporate Actions Department |
    | P.O. Box 64858 | 1110 Centre Pointe Curve, Suite 101 |
    | St. Paul, MN 55164-0858 | Mendota Heights, MN 55120 |

<u>**For additional information please contact our Shareowner Relations Department at 1-800-468-9716.**</u>

US.112960935.02

## GUIDELINES FOR CERTIFICATION OF TAXPAYER INDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9

**Guidelines for Determining the Proper Identification Number to Give the Payer** — Social Security Numbers have nine digits separated by two hyphens: i.e., 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. Identity identification numbers have nine digits separated by only one hyphen, i.e. 00-0000000. The table below will help determine the number to give the payer.

| For this type of account: | Give the Name and SOCIAL SECURITY number of-- | For this type of account: | Give the IDENTITY IDENTIFICATION number of-- |
|---|---|---|---|
| 1. An Individual's account | The individual | 8. Sole proprietorship | The owner |
| 2. Two or more individuals (joint account) | Either of the individuals (please identify which) | 9. A valid trust, estate, or pension trust | The legal entity's TIN (not an individual SSN) |
| 3. Husband and wife (joint account) | Either of the individuals (please identify which) | 10. Corporate or LLC account | The corporation or LLC EIN |
| 4. Custodian account of a minor | The minor (circle the minor's name) | 11. Religious, charitable, or educational account | The EIN of the organization/identity |
| 5. Adult and minor (joint account) | Either of the individuals (please identify which) | 12. Partnership in the name of the business | EIN of partnership or SSN of partner |
| 6. Account in the name of guardian | Either of the individuals (please identify which) | 13. Broker or registered nominee | The broker or nominee EIN |
| 7. Trust account that is not valid | The grantor-trustee or actual owner | 14. Government agency or tax-exempt entity | The public/private entity's EIN |

**Obtaining a Number:**
If you don't have a taxpayer identification number or you don't know your number, please contact the Social Security Administration or Internal Revenue Service @ 800-829-1040 or IRS website www.irs.gov.

**Penalties:**
**Failure to Furnish TIN:** If you fail to furnish your correct TIN to a requestor, you are subject to a penalty of $50 for each such failure, unless your failure is due to reasonable cause and not to willful neglect.

**Civil Penalty for False Information With Respect to Withholding** — If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal Penalty for Falsifying Information** — Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs** — If the requestor discloses or uses TINs in violation of Federal law, the requestor may be subject to civil and criminal penalties.

### FOR ADDITIONAL INFORMATION CONTACT YOUR TAX CONSULTANT OR THE INTERNAL REVENUE SERVICE @ www.irs.gov or 800-829-1040

EXHIBIT "4"

# LETTER OF TRANSMITTAL

Exchange of Class E Shares of Unified Grocers, Inc.

for Cash

In connection with the merger of Unified Grocers, Inc., a California corporation, and West Acquisition Corporation, a California corporation and wholly-owned subsidiary of SUPERVALU INC., a Delaware corporation, effective June 23, 2017, the undersigned, as a registered holder of Class E Shares, hereby surrenders its book-entry Class E Shares in exchange for $100.00 in cash, without interest, per share of Class E Shares, without par value (the "Class E Shares"), of Unified Grocers, Inc.

**You must complete Box A. If Class E Shares are owned jointly by more than one person or entity, each person or entity must complete Box A. Please also read the "General Instructions" on page 2.**

FOR OFFICE USE ONLY   Approved _____

| BOX A – Signature of Registered Shareholder(s) |
|---|
| (Must be signed by all registered shareholders; include legal capacity if signing on behalf of a shareholder or entity) |
| Signature (and title if signing on behalf of a shareholder or entity) |
| Signature (and title if signing on behalf of a shareholder or entity) |
| Telephone Number |

| BOX B – New Registration Instructions | BOX C – One-Time Delivery Instructions |
|---|---|
| To be completed *ONLY* if the check is to be issued in the name(s) of someone other than the registered shareholder(s) in Box D. See also Box E. ISSUE TO: | To be completed *ONLY* if the check is to be delivered to an address other than that listed in Box D. MAIL TO: |
| Name | Name |
| Street Address | Street Address |
| City, State and Zip Code | City, State and Zip Code |

| BOX D – Name and Address of Registered Shareholder(s) | BOX E – Medallion Guarantee |
|---|---|
| **Please make any address corrections below** | If you have completed Box B, your signature must be *Medallion Guaranteed* by an eligible financial institution. |
| ☐ indicates permanent address change | |

Supervalu Inc.
SVVC        LT

ARJL INC
BETH GASCHEN C/O LOBEL WEILAND GOLDEN L
650 TOWN CENTER DR STE 950
COSTA MESA CA 92626

Note: A notarization by a notary public is not acceptable

4004073312

## General Instructions

- **BOX A-Signatures:** The registered shareholder must sign as indicated in Box A. If the Class E Shares are jointly owned by more than one person or entity, each person or entity must sign as indicated in Box A. If you are signing on behalf of a registered shareholder or entity your signature must include your legal capacity. **YOUR GUARANTOR (BANK/BROKER) WILL REQUIRE PROOF OF YOUR AUTHORITY TO ACT. CONSULT YOUR GUARANTOR FOR THEIR SPECIFIC REQUIREMENTS. YOU OR YOUR GUARANTOR MAY ACCESS THE SECURITIES TRANSFER ASSOCIATION (STA) RECOMMENDED REQUIREMENTS ON-LINE AT www.stai.org.**

- **BOX B-New Registration:** If you want the check to be paid to someone other than the registered shareholder(s) identified in Box D, provide the new registration instructions (name and address) in Box B. The signature in Box A must be that of the new registration indicated in this Box B. All changes in registration require a Medallion Signature Guarantee. Joint registrations must include the form of tenancy. Custodial registrations must include the name of the custodian (only one). Trust account registrations must include the names of all current acting trustees and the date of the trust agreement. If this transaction results in proceeds at or above $14,000,000.00 in value, please contact Wells Fargo Shareowner Services at the number listed below.

  Tax implications apply to the registered shareholder (i.e., person identified in Box D) at the time of transfers unless Gift or Inheritance rules apply. For tax-related information or questions, contact your tax advisor.

- **BOX C-One-Time Delivery:** If you want the check mailed to an address other than what is stated in Box D, provide the address in Box C. This address will be treated as a one-time only mailing instruction.

- **BOX D-Current Name and Address of Registered Shareholder:** If your permanent address should be changed on Wells Fargo Shareowner Services records, please make the necessary changes in Box D.

  Tax implications apply to the registered shareholder (i.e., person identified of Box D) at the time of the transfer unless Gift or Inheritance rules apply. For tax-related information or questions, contact your tax advisor.

- **BOX E-Signature Guarantee:** Box E only needs to be completed if the name on the check will be different from the current registration shown in Box D. To make this change, see Box B above. This guarantee is a form of signature verification which can be obtained through an eligible financial institution such as a commercial bank, trust company, securities broker/dealer, credit union or savings institution participating in a Medallion program approved by the Securities Transfer Association.

- **Deficient Presentments:** If you request a registration change that is not in proper form, the required documentation will be requested.

- **Returning Letter of Transmittal:** Return this Letter of Transmittal _only_ to Wells Fargo Shareowner Services at the address below. The method of delivery is at your option and your risk, but it is recommended that documents be delivered via a registered method and that you insure the package for an appropriate value.

**By Mail to:**
Wells Fargo Shareowner Services
Corporate Actions Department
P.O. Box 64858
St. Paul, MN 55164-0858

**By Overnight Courier or Hand Delivery to:**
Wells Fargo Shareowner Services
Corporate Actions Department
1110 Centre Pointe Curve, Suite 101
Mendota Heights, MN 55120

**For additional information please contact our Shareowner Relations Department at 1-800-468-9716.**

US.112960938.02

## GUIDELINES FOR CERTIFICATION OF TAXPAYER INDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9

**Guidelines for Determining the Proper Identification Number to Give the Payer** — Social Security Numbers have nine digits separated by two hyphens: i.e., 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. Identity identification numbers have nine digits separated by only one hyphen, i.e. 00-0000000. The table below will help determine the number to give the payer.

| For this type of account: | Give the Name and SOCIAL SECURITY number of-- | For this type of account: | Give the IDENTITY IDENTIFICATION number of-- |
|---|---|---|---|
| 1. An Individual's account | The individual | 8. Sole proprietorship | The owner |
| 2. Two or more individuals (joint account) | Either of the individuals (please identify which) | 9. A valid trust, estate, or pension trust | The legal entity's TIN (not an individual SSN) |
| 3. Husband and wife (joint account) | Either of the individuals (please identify which) | 10. Corporate or LLC account | The corporation or LLC EIN |
| 4. Custodian account of a minor | The minor (circle the minor's name) | 11. Religious, charitable, or educational account | The EIN of the organization/identity |
| 5. Adult and minor (joint account) | Either of the individuals (please identify which) | 12. Partnership in the name of the business | EIN of partnership or SSN of partner |
| 6. Account in the name of guardian | Either of the individuals (please identify which) | 13. Broker or registered nominee | The broker or nominee EIN |
| 7. Trust account that is not valid | The grantor-trustee or actual owner | 14. Government agency or tax-exempt entity | The public/private entity's EIN |

**Obtaining a Number:**

If you don't have a taxpayer identification number or you don't know your number, please contact the Social Security Administration or Internal Revenue Service @ 800-829-1040 or IRS website www.irs.gov.

**Penalties:**

**Failure to Furnish TIN:** If you fail to furnish your correct TIN to a requestor, you are subject to a penalty of $50 for each such failure, unless your failure is due to reasonable cause and not to willful neglect.

**Civil Penalty for False Information With Respect to Withholding** — If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal Penalty for Falsifying Information** — Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs** — If the requestor discloses or uses TINs in violation of Federal law, the requestor may be subject to civil and criminal penalties.

## FOR ADDITIONAL INFORMATION CONTACT YOUR TAX CONSULTANT OR THE INTERNAL REVENUE SERVICE @ www.irs.gov or 800-829-1040



EXHIBIT "5"

## APPLICATION AND AGREEMENT FOR
## SERVICE AFFILIATION AS A MEMBER-PATRON / AFFILIATE WITH
## UNIFIED WESTERN GROCERS, INC.
## AND
## PLEDGE AND SECURITY AGREEMENT

The undersigned applies for affiliation as a member-patron ("Member-Patron" or "Member") with Unified Western Grocers, Inc. ("Unified Western") in accordance with the following to which the undersigned agrees:

1.    To qualify for and retain such affiliation as a Member-Patron ("Membership"), the undersigned must:

    (a)    Be of good and approved financial standing engaged in selling groceries and related merchandise at retail or wholesale.

    (b)    Patronize Unified Western in such amounts and manner as may be prescribed from time to time by its Bylaws or its rules and regulations or policies for the servicing of Member accounts (the "Service Rules").

    (c)    Purchase and hold three hundred shares of Unified Western's Class A Shares and such amount of its Class B Shares as may be specified by requirements regarding the holding of Class B Shares as may from time to time be established by Unified Western's Board of Directors.

    (d)    Execute such further agreements as may from time to time be required of Member-Patrons, including but not limited to an agreement subordinating deposits.

    (e)    Comply with the conditions and agreements contained in this Application and Agreement ("this Agreement"), with each other agreement which the undersigned may enter into with Unified Western or any of its subsidiaries, with Unified Western's Articles of Incorporation and Bylaws and with the Service Rules.

2.    Acceptance of this application for Membership is subject to approval by the Board of Directors of Unified Western.

70084226-3                      1

3.    Subject to the obligations of the undersigned under any supply contract, the undersigned may terminate membership at any time by written resignation. The undersigned's membership may be terminated by Unified Western at any time upon the undersigned's failure to meet any requirement of Membership hereunder or otherwise now or hereafter in effect or upon the occurrence of any event now or hereafter set forth in the Bylaws as a ground for termination of Membership. Termination, however, shall neither release nor discharge any obligations incurred by the undersigned, or any of them, to Unified Western or any of its subsidiaries. Membership does not obligate Unified Western to make any sale of merchandise or services or any extension of credit. Membership is not transferable either voluntarily or by operation of law.

4.    The undersigned agrees to comply with Unified Western's Bylaws and the Service Rules, including without limitation, rules prescribing service fees, late payment charges, amounts and manner of purchases, required deposits, subordination of deposits, guarantees, credit requirements and other terms of service, purchases and payment of accounts.

5.    The undersigned will maintain such deposits with Unified Western as may be prescribed by its Bylaws or the Service Rules. In the event Membership is terminated, Unified Western, with respect to such deposits, shall only be obligated to return an amount which is equal to the amount of such deposits less all amounts that may be owing Unified Western or any of its subsidiaries.

6.    All Class A Shares and Class B Shares of Unified Western at any time held by the undersigned shall be governed by Division 8 of the California Uniform Commercial Code, the California Corporations Code, by Unified Western's Articles of Incorporation, its Bylaws and by this Agreement. Such shares are subject to restrictions on transfer and subject to redemption or repurchase by Unified Western on termination of the undersigned's membership and on other events, all as provided in Unified Western's Articles of Incorporation or Bylaws.

7.    Unified Western or its nominee shall have an exclusive right to purchase said Class A Shares and Class B Shares upon or at any time after termination of my membership at a purchase price equal to the redemption or repurchase price for such shares as may be set forth in Unified Western's Articles of Incorporation or its Bylaws.

8.    All Class A Shares and Class B Shares at any time held by the undersigned are pledged to, and the certificates for said shares shall be held by, Unified Western to secure the prohibition against their transfer, to secure Unified Western's rights to purchase or redeem or repurchase said shares and as security for the payment of any and all obligations of the undersigned to Unified Western or any of its subsidiaries.

EXHIBIT "5
Page 25

9.    I authorize the Secretary of Unified Western, or any of his successors, without notice to me, to receive on my behalf notice of purchase or of redemption or repurchase of said Class A and/or Class B Shares, to surrender such shares for purchase or for redemption or repurchase and to receive the proceeds therefrom, and to such purposes I irrevocably appoint said Secretary and his successors and each of them with full powers of substitution, as my attorney in fact.

10.    In consideration of financial accommodation given, to be given, or continued to be given by Unified Western, or any of its subsidiaries, the undersigned grants to Unified Western a security interest in and assigns and pledges to Unified Western all Class A Shares and Class B Shares at any time held by the undersigned, the proceeds from their sale or redemption, all deposit accounts and all other accounts now or hereafter deposited with or held by Unified Western or any of its subsidiaries, and all property, money and funds of mine of every description now or hereafter held by Unified Western as a pledge or for safekeeping or otherwise (collectively "Collateral"), as security for the full and prompt payment and performance of any and all contracts, agreements obligations or liabilities of the undersigned, or any of them, to Unified Western, or any of its subsidiaries, existing at any time (collectively "Obligations"). At the option of Unified Western and without necessity of demand or notice, all or any part of the Obligations shall immediately become due and payable irrespective of any agreed maturity, upon the happening of any of the following events:    (1) termination of membership, (2) default in any requirement of membership, (3) failure to pay or perform any of the Obligations or any part thereof when due, (4) the levy of any attachment, execution, or other process against the undersigned, or any of them, or any of the Collateral, (5) the death, insolvency or failure in business of the undersigned, or any of them, (6) the commission of an act of bankruptcy or the making of an assignment for the benefit of creditors by the undersigned, or any of them, or (7) the filing by or against the undersigned, or any of them, of any petition or action for relief under any bankruptcy, arrangement, reorganization, insolvency, or moratorium law, or any other law for the relief of or relating to debtors.  Upon the happening of any of the foregoing specified events, any agreement for further financial accommodation by Unified Western or any of its subsidiaries shall terminate at its option.

I irrevocably appoint Unified Western's Secretary and his successors, with powers of substitution, as the undersigned's attorney in fact, in the undersigned's name, to give such notices and file such financing or other statements as Unified Western may choose, with respect to any security whether granted hereby or otherwise.

11.    In the event that it is necessary for Unified Western to employ an attorney for the collection of any amounts owing it, the undersigned agrees to pay all costs involved including reasonable attorneys' fees.

12.    Any forbearance, failure, or delay by Unified Western in exercising any right, power, or remedy hereunder or otherwise shall not be deemed to be a waiver of such right, power, or remedy, and any single or partial exercise of any right, power, or remedy hereunder or otherwise shall not preclude the further exercise thereof; and every right, power, and remedy of Unified Western shall continue in full force and effect until such right, power, or remedy is specifically waived by an instrument in writing executed by Unified Western.

13.    If this Agreement is executed by more than one person, each of the agreements contained herein shall be joint and several obligations of the undersigned. As used in this Agreement, the terms "I," "me" and "my" refer to the undersigned, and each of them.

14.    The undersigned acknowledges receipt of a copy of Article VIII of the Bylaws of Unified Western and hereby consents that the amount of any distributions with respect to the undersigned's patronage, which are made in written notices of allocation (as defined in 26 United States Code Section 1388) and which are received by the undersigned from Unified Western, will be taken into account by the undersigned at their stated dollar amounts in the manner provided in 26 United States Code Section 1385(a) in the taxable year in which such written notices of allocation are received by the undersigned. This consent shall remain in effect until revoked in the manner provided in 26 United States Code Section 1388.

15.    The validity, construction and performance of this Agreement shall be governed by the laws, without regard to the laws as to choice or conflict of laws, of the State of California.

16.    Any notice, demand or other communication which Unified Western is required or desires to give to the undersigned, or any of them, may be either served personally at or sent by prepaid, first-class mail to the address set forth below. Any such notice, demand or communication shall be deemed given to the undersigned, and each of them, upon delivery to said address, if personally served, and within 48 hours from the time of deposit in the United States mail, if served by mail. The address of the undersigned may be changed only by giving written notice to Unified Western at its principal office, but such change shall not be deemed effective until actually received. Any other notice which the undersigned may desire to give shall be given to Unified Western at its principal office but shall not be deemed given until actually received.

17.    If any term or provision of this Agreement or the application thereof to any person or circumstances shall to any extent be invalid, illegal or unenforceable, the remainder of this Agreement or the application of such term or provision to any person or circumstances other than those as to which it is invalid, illegal or enforceable shall not be

EXHIBIT "5
Page 27

affected thereby and each term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

_ARTL Inc_

Legal Name (print or type)

Dated: _2/22/06_    By: _Raul Alvarado_

Signature: _Raul Alvarado_

Its: _President_

By: _Teresa Alvarado_

Signature: _Teresa Alvarado_

Its: _Secretary_

Mailing Address
(print or type)

_5952 Westminster Blvd_
Number and Street

_Westminster Ca    92683_
City          State          Zip

_714-379-0840_
Telephone Number

Applicant is: ☐ a sole proprietorship; ☐ a partnership; ☐ a corporation; ☑ a limited liability company; ☐ other.

Applicant is an affiliate of
The following existing
Member-Patron: _____
                    Print Legal Name

The basis of affiliation is: _____

_____

Federal Taxpayer Identification No.: _20-1508861_

70084226-3                    5

EXHIBIT "5
Page 28

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
**Phone: 323-881-4175 Fax: 323-729-6625**

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

> Unified Grocers, Inc.
> 5200 Sheila Street
> Commerce CA, 90040
>
> CALI
>
> 25456 - UNIFIED GROCERS-COMMERCE
> File with: Secretary of State, CA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **ARJL, Inc.** | | | | |
| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **5952 Westminster Blvd.** | Westminster | CA | 92683 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | CORPORATION | CA | C2567338 □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

COPY

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **Unified Grocers, Inc.** | | | | |
| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **5200 Sheila Street** | Commerce | CA | 90040 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Exhibit A:

The Collateral is Debtor's interest in the following, whether now owned or hereafter acquired by Debtor:

  All Class A and Class B shares at any time held by Debtor, the proceeds from their sale or redemption, all deposit accounts and all other accounts now hereafter deposited with or held by Secured Party or any of its subsidiaries, and all property, money and funds of Debtor of every description now or hereafter held by Secured Party as pledge of for safekeeping or otherwise.  As used herein, "Class A Shares" means membership shares or interest in Secured Party.  As used herein, "Class B Shares" means membership shares or interst in Secured Party designated as "Class B" on the books and records for membership interest of Secured Party.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | □ LESSEE/LESSOR | □ CONSIGNEE/CONSIGNOR | □ BAILEE/BAILOR | □ SELLER/BUYER | □ AG. LIEN | □ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. □ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum    (if applicable) | | 7.Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | | □ All Debtors | □ Debtor 1 | □ Debtor 2 |

| 8. OPTIONAL FILER REFERENCE DATA | | |
|---|---|---|
| 50375228 | 01082 | 01082 |

Prepared by CT Lien Solutions [3.23.0]

FILING OFFICE COPY - UCC FINANCING STATEMENT (FORM UCC1)   (REV. 05/22/02)



Contact Us 800.833.5778   Your Representative

Welcome, STEVE MARTIN Nov 14, 2012 10:34 AM
Form Preview | Preferences | Help | Logout

Create UCC Filing   Order Documents   Search Public Records      Generate Report | Create Historical Filing | Create UCC-3 Filing | More..

## Filing Confirmation

Estimated Fees($0) | Message Center (0)



**Confirmation**
Order Number: 35609992
Date Ordered: 11/14/2012 11:34:13 AM ET
Delivery Method: iLien Only
Expedite: No

**Special Instructions**

**Deliver To**
Leah Calhoun
Unified Grocers, Inc.
5200 Sheila Street
Commerce, CA 90040
USA
3238814175
3237296625
lcalhoun@unifiedgrocers.com

**Bill To**
Mark Speiser
UNIFIED GROCERS-COMMERCE
5200 Sheila Street
Commerce, CA 90040
3238814175

**Filing Description**

| Item | Master | HQ Number | Debtor | Service | Jurisdiction | LienRef# | Service Detail |
|---|---|---|---|---|---|---|---|
| 1 | 01082 | 01082 | ARJL, Inc. | UCC Filing-Original | CA:Secretary of State | B50375228 | Print final docs |

© 2012 CT Lien Solutions, All rights reserved.

EXHIBIT "6"

# UCC FINANCING STATEMENT

**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Gisella Melendez
800-331-3282

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CT LIEN SOLUTIONS
2727 ALLEN PARKWAY
HOUSTON, TX 77019
USA

DOCUMENT NUMBER: 35366850002
FILING NUMBER: 12-7336860915
FILING DATE: 11/14/2012 08:37
IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names**

| 1a. ORGANIZATION'S NAME ARJL, Inc. | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS 5952 Westminster Blvd. | CITY Westminster | STATE CA / POSTAL CODE 92683 | COUNTRY USA |
| 1d. SEE INSTRUCTIONS / ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION CA | 1g. ORGANIZATIONAL ID#, if any ☐ NONE  C2567338 |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names**

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS / ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)**

| 3a. ORGANIZATION'S NAME Unified Grocers, Inc. | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS 5200 Sheila Street | CITY Commerce | STATE CA / POSTAL CODE 90040 | COUNTRY USA |

**4. This FINANCING STATEMENT covers the following collateral:**

Exhibit A:

The Collateral is Debtor's interest in the following, whether now owned or hereafter acquired by Debtor:

All Class A and Class B shares at any time held by Debtor, the proceeds from their sale or redemption, all deposit accounts and all other accounts now hereafter deposited with or held by Secured Party or any of its subsidiaries, and all property, money and funds of Debtor of every description now or hereafter held by Secured Party as pledge of for safekeeping or otherwise. As used herein, "Class A Shares" means membership shares or interest in Secured Party. As used herein, "Class B Shares" means membership shares or interst in Secured Party designated as "Class B" on the books and records for membership interest of Secured Party.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

| ☐ **6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable] | **7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)** [ADDITIONAL FEE]    [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
CA-0-35609992-46943374

FILING OFFICE COPY

EXHIBIT "7"

**UNIFIED GROCERS, INC.**

## STATEMENT OF ACCOUNT FOR:

### ARJL, INC.

| Customer | Customer Name | ARO-TRANS-NBR | Description | Transaction Date | Due Date | CURRENT-AMT |
|---|---|---|---|---|---|---|
| 1082 | RANCHITO SUPER MARKET | RM-0000269 | 8823340 ACCT FRZN/RET | 12/24/2015 | 12/24/2015 | 16,401.86 |
| 1082 | RANCHITO SUPER MARKET | 256433 | RETAIL MAILING 12-3- | 12/11/2015 | 12/28/2015 | 5.85 |
| 1082 | RANCHITO SUPER MARKET | 256626 | INTERACTIVE ORDER SY | 12/11/2015 | 12/28/2015 | 60.00 |
| 1082 | RANCHITO SUPER MARKET | 256627 | IOS LABEL PRINTER | 12/11/2015 | 12/28/2015 | 15.00 |
| 1082 | RANCHITO SUPER MARKET | 256628 | PRICE FILE | 12/11/2015 | 12/28/2015 | 30.00 |
| 1082 | RANCHITO SUPER MARKET | 0951215-000184 | PALLETS - REGULAR | 12/17/2015 | 12/28/2015 | 6.50 |
| 1082 | RANCHITO SUPER MARKET | 3808809 | D/S MARIEGOLD BAKERY | 12/4/2015 | 12/28/2015 | 117.38 |
| 1082 | RANCHITO SUPER MARKET | 263005 | INTERACTIVE ORDER SY | 12/22/2015 | 1/4/2016 | (60.00) |
| 1082 | RANCHITO SUPER MARKET | 259519 | RETAIL MAILING 12-10 | 12/18/2015 | 1/4/2016 | 5.85 |
| 1082 | RANCHITO SUPER MARKET | 260016 | INTERACTIVE ORDER SY | 12/18/2015 | 1/4/2016 | 60.00 |
| 1082 | RANCHITO SUPER MARKET | SEA1230 | 1014-44878-12/25/15 CPN | 12/30/2015 | 1/11/2016 | (375.33) |
| 1082 | RANCHITO SUPER MARKET | 262868 | RETAIL MAILINGS 12/1 | 12/25/2015 | 1/11/2016 | 5.85 |
| 1082 | RANCHITO SUPER MARKET | FC-0009030 | Finance-late payment cha | 1/13/2016 | 1/13/2016 | 81.31 |
| 1082 | RANCHITO SUPER MARKET | SEA0106-000001 | 1014-44878-01/01/16 CPN | 1/7/2016 | 1/18/2016 | (4.32) |
| 1082 | RANCHITO SUPER MARKET | FC-0009125 | Finance-late payment cha | 1/20/2016 | 1/20/2016 | 80.86 |
| 1082 | RANCHITO SUPER MARKET | SEA0113-000001 | 1014-44878-01/08/16 CPN | 1/14/2016 | 1/25/2016 | (0.48) |
| 1082 | RANCHITO SUPER MARKET | FC-0009252 | Finance-late payment cha | 1/27/2016 | 1/27/2016 | 80.86 |
| 1082 | RANCHITO SUPER MARKET | FC-0009342 | Finance-late payment cha | 2/3/2016 | 2/3/2016 | 80.86 |
| 1082 | RANCHITO SUPER MARKET | FC-0009444 | Finance-late payment cha | 2/10/2016 | 2/10/2016 | 80.86 |
| 1082 | RANCHITO SUPER MARKET | FC-0009562 | Finance-late payment cha | 2/17/2016 | 2/17/2016 | 80.86 |
| 1082 | RANCHITO SUPER MARKET | FC-0009739 | Finance-late payment cha | 2/24/2016 | 2/24/2016 | 80.64 |
| 1082 | RANCHITO SUPER MARKET | FC-0009851 | Finance-late payment cha | 3/2/2016 | 3/2/2016 | 80.64 |
| 1082 | RANCHITO SUPER MARKET | FC-0009936 | Finance-late payment cha | 3/9/2016 | 3/9/2016 | 80.64 |
| 1082 | RANCHITO SUPER MARKET | FC-0010071 | Finance-late payment cha | 3/16/2016 | 3/16/2016 | 80.64 |
| 1082 | RANCHITO SUPER MARKET | FC-0010175 | Finance-late payment cha | 3/23/2016 | 3/23/2016 | 80.64 |
| 1082 | RANCHITO SUPER MARKET | FC-0010297 | Finance-late payment cha | 3/30/2016 | 3/30/2016 | 80.64 |
| 1082 | RANCHITO SUPER MARKET | FC-0010447 | Finance-late payment cha | 4/6/2016 | 4/6/2016 | 80.64 |
| | | | | | | 17,318.25 |

**REMITTANCE ADDRESS:**

**UNIFIED GROCERS, INC.**

**PO Box 60064**

**City of Industry, CA  91716-0064**

| In re: | CHAPTER: **7** |
| **ARJL, INC.,** | |
| Debtor(s). | CASE NUMBER: **8:16-bk-11492 TA** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950**
**Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRUSTEE TO EXCHANGE SHARES OF STOCK FOR CASH FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b)(1) AND (f); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK AND BETH E. GASCHEN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 3, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **October 3, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 3, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

(Via Attorney Service)
The Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Courtesy Bin
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/3/2017 | Nancy Lockwood | /s/ Nancy Lockwood |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:  ARJL, INC., | CHAPTER: **7** |
|---|---|
| Debtor(s). | CASE NUMBER: **8:16-BK-11492 TA** |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - **Lazaro E Fernandez**    lef17@pacbell.net, lef-karina@pacbell.net;lef-mari@pacbell.net;lefkarina@gmail.com
   - **Beth Gaschen**    bgaschen@wgllp.com,
     kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
   - **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
   - **Alina Landver**    alina@landverlaw.com, paul@landverlawoffice.com
   - **Richard A Marshack (TR)**    pkraus@marshackhays.com, rmarshack@iq7technology.com
   - **Paul Tokar**    paul@landverlawoffice.com
   - **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

   Agent of Service of Process for Unified Grocers
   CT Corporation System
   818 W 7th Street, Suite 930
   Los Angeles, CA  90017

   Unified Grocers, Inc.
   Attn.:  Karla C. Robertson, President
   11840 Valley View Road
   Eden Prairie, MN  55344

   Mark H. Speiser
   Vice President, Grocers Capital Co.
   5200 Sheila Street
   Commerce, CA  90040

   Agent of Service of Process for Supervalu, Inc.
   CT Corporation System
   818 W 7th Street, Suite 930
   Los Angeles, CA  90017

   Supervalu, Inc.
   Attn.:  Mark Gross, CEO
   11840 Valley View Rd.
   Eden Prairie, MN  55344

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**